IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Antonio Tykeish Wakefield, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:20-cv-1162-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Deputy Warden J Palmer, Captain Daniel Harouff, Officer David Chandler, Sergeant Kevin Laue, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Antonio Tykeish Wakefield, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 9). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 23, 2020, Defendants filed a motion to dismiss the Complaint for failure to state a claim. (ECF No. 14). The magistrate judge subsequently issued an order on June 24, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss and the possible consequences if Plaintiff failed to adequately respond. (ECF No. 15). The *Roseboro* order was mailed to Plaintiff on June 24, 2020, (ECF No. 16), and has not been returned to the court has undeliverable. Thus, Plaintiff is presumed to have received the *Roseboro* order. Nevertheless, to date Plaintiff has failed to file any response to Defendants' motion to dismiss.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion to dismiss. (ECF No. 19). On August 19, 2020, the Report was mailed to Plaintiff at the address he provided the court, (ECF No. 20), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the

1

Report.  Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 19 at 2, 4), but has failed to do so.  The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation."  *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 19), which is incorporated herein by reference.  Therefore, the court finds that Plaintiff's action is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). Accordingly, the court **GRANTS** Defendants' motion to dismiss (ECF No. 14).

**IT IS SO ORDERED.**

                                                                            s/Timothy M. Cain  
                                                                            United States District Judge

Anderson, South Carolina  
September 22, 2020

## NOTICE OF RIGHT TO APPEAL

     The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.